# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MACK HENRY LOTT, | : | PRISONER CIVIL RIGHTS |
| GDC ID 86015, | : | 42 U.S.C. § 1983 |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:17-CV-2851-TWT-CMS |
| CATHELENE ROBINSON, et al., | : | |
|     Defendants. | : | |

## FINAL REPORT AND RECOMMENDATION

In this *pro se* prisoner civil rights action, state inmate Mack Henry Lott seeks to sue the Fulton County Superior Court Clerk, a Deputy Clerk, and the Fulton County District Attorney for alleged errors in entering a Final Disposition in March 2003 when he was convicted of voluntary manslaughter and other crimes. *See* [1] at *passim*. Lott did not pay the case initiation fees due when he submitted his complaint, but instead filed an application for permission to proceed *in forma pauperis*. *See* [2].

I note that Lott has a history of filing meritless litigation and that he is subject to the filing restrictions set forth in 28 U.S.C. § 1915(g). *See, e.g., Lott v. McLaughlin*, No. 5:13-CV-58-CAR (M.D. Ga. 2013) [9 therein] (listing "strikes" and noting later dismissals pursuant to § 1915(g)). Consequently, Lott is now eligible to proceed *in forma pauperis* only if he can plausibly allege that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Lott,

who is incarcerated in a prison in the Southern District of Georgia, alleges that he is in "imminent danger" because he is a diabetic and the state prison in which he is incarcerated serves him an inappropriate and unhealthy diet. *See* [1] at *passim*.

Although the United States Court of Appeals for the Eleventh Circuit has not expressly adopted a "nexus" requirement, it has cited with approval the well-reasoned opinion of the Second Circuit in *Pettus v. Morganthau*, 554 F.3d 293, 296-99 (2d Cir. 2010), explaining why a nexus between the claims asserted and the imminent danger alleged is required. *See Barber v. Krepp*, 680 F. App'x 819 (11th Cir. 2017). The *Pettus* opinion persuades me that Lott has not adequately pleaded an entitlement to proceed *in forma pauperis* under the "imminent danger" exception to § 1915(g). There is, quite simply, no nexus between claims asserted by Lott (which relate to his 2003 conviction) and the "imminent danger" alleged by him (which relate to his present imprisonment).

Accordingly, I **DENY** Lott's application for permission to proceed *in forma pauperis*.

The Eleventh Circuit has instructed district courts that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provisions of § 1915(g)." *Dupree v. Palmer*, 284 F.3d 1234, 1236

(11th Cir. 2002) Therefore, I **RECOMMEND** that this case be **DISMISSED WITHOUT PREJUDICE**.

I further note that Lott signed neither his complaint, nor his application for permission to proceed *in forma pauperis*. *See* [1] at 11; [2] at 2. This Court "*must* strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a) (emphasis added). Accordingly, I **ORDER** Lott to correct his omissions **WITHIN FOURTEEN (14) DAYS** of the entry date of this Final Report and Recommendation, and I note that if he fails to do so, such failure will constitute an additional basis for dismissal.

I **DIRECT** the Clerk to terminate the referral of this case to me.

**SO RECOMMENDED, ORDERED, AND DIRECTED**, this 14th day of August, 2017.

*Catherine Salinas*
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE